HENRY C. WESTON & another, trustees, *vs.* MASSACHUSETTS GENERAL HOSPITAL & others.

Suffolk.   March 17, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise and Legacy — Construction of Will.*

A testator, by his will, gave to trustees $300,000, and directed that this sum be set apart as soon as possible, and the income thereof paid to his wife during her life. He also gave a like sum to trustees, and directed that it be set apart as soon as possible, and the income thereof paid to his daughter during her life; and after the decease of either the principal of her trust fund, "as it shall then consist," was to be paid over to certain charities. The will then provided as follows: "But if, by losses or depreciation of my property, it shall be found at my decease insufficient for the setting apart of both the trust funds in full, I direct that, if my wife should first decease, so much of her trust fund shall be then transferred to the principal of the trust fund for my daughter as will make up that deficiency of her fund. . . . The following legacies are to be paid only after full provision of income for my wife and daughter during their respective lives." The executors set apart both trust funds in full, partly in money and partly in securities, and transferred them to the trustees for the benefit of the wife and daughter. The wife died, and the securities held in trust for the daughter depreciated in value, after such transfer, so that the fund became less than $300,000. *Held,* that the daughter was not entitled to have the deficiency in her trust fund made up out of the principal of the fund which was held for the benefit of the wife during her life, before such principal was distributed among the charities named as legatees.

BILL IN EQUITY, filed September 1, 1896, by the trustees under the will of William Hilton, to obtain the instructions of the court as to the construction of the will. Hearing before

*Holmes*, J., who reserved the case for the consideration of the full court.   The facts appear in the opinion.

*S. Lincoln*, for the Massachusetts General Hospital.

*T. H. Russell*, for the Trustees of Phillips Academy.

*A. Lincoln*, for the Boston Dispensary.

*H. Wheeler*, for the Children's Hospital.

*H. D. Hyde & W. B. Farr*, for the Trustees of Amherst College and various Missionary Societies.

*C. K. Cobb*, for Catherine Hilton Fiske.

FIELD, C. J.   William Hilton, the testator, died on December 25, 1887, and the plaintiffs are the executors and trustees under his will.   By the first article of the will he gave to his wife the household furniture, etc., and directed the executors to pay her $3,000 immediately after his decease.   By the second article he gave to his trustees his dwelling-house on Commonwealth Avenue, Boston, for the benefit of his wife, during her life, and after her decease for the benefit of his daughter, Catherine Hilton Fiske, during her life, with power of sale on the written request of the wife, or, after her decease, of the daughter, and of reinvestment in another dwelling-house, or in a separate trust fund for the benefit of the wife, which after her death was to be added to the principal of the trust fund thereinafter created for the daughter.

The third, fourth, and fifth articles of the will are as follows :

" Thirdly.   I give to my trustees hereinafter appointed the sum of three hundred thousand dollars, to be set apart, held, and invested as a trust fund, upon the trusts following: to wit, the trustees shall, during the life of my beloved wife, pay from the income thereof the taxes, common repairs, and premiums of insurance on the Commonwealth Avenue or any substituted estate, and shall pay all the residue of income to her for her personal disposal in the manner hereinafter appointed for all payments of income from trust funds.   I direct my executors to set apart this trust fund as soon as possible.   If there is delay in setting it apart, I direct my executors to pay to my wife, as interest, and in lieu of the income, three thousand and six hundred dollars at the end of every three months from the day of my decease, or a proportional sum for so much of the principal as shall not be set apart, and for the time of such delay until the completion of the

trust fund.  After the decease of my wife the principal of the fund shall be appropriated in the manner appointed in the fifth article of this will.

"Fourthly.  I give to my trustees hereinafter appointed the further sum of three hundred thousand dollars, to be set apart, invested, and held as a trust fund upon the trusts following : to wit, the trustees shall during the life of my beloved daughter, Catherine Hilton Fiske, pay all the income thereof to her for her personal disposal in the manner hereinafter appointed for all payments of income from trust funds, excepting such sums as the trustees, after the decease of my wife, may pay for the taxes, common repairs, and premiums of insurance on the Commonwealth Avenue or any substituted estate, as during the life of her mother.  The payments of income of both trust funds shall be quarter-yearly, or at shorter periods, at the discretion of the trustees.  I direct my executors to set apart this trust fund as soon as possible.  If there is delay in setting it apart, I direct my executors to pay to my daughter, in manner aforesaid, as interest and in lieu of income, three thousand dollars at the end of every three months from the day of my decease, or a proportional sum for so much of the principal as shall not be set apart, and for the time of such delay until the completion of the trust fund.  The income of this trust fund and of the increase thereof from the proceeds of the Commonwealth Avenue or any substituted estate, is to be paid to my daughter during her life.  After her decease, if she leave issue surviving her, I give the whole principal of her trust fund, and the increase thereof, to be paid or transferred to her surviving issue, who shall take and hold the estate and property in absolute ownership.  If such issue be more than one person, such of them shall take, and in such shares, as would receive the same by succession or inheritance from her if she at the time of her decease was in possession thereof as absolute owner, discharged of all trusts.  If she leave no issue surviving, the trust fund with its increase as then consisting shall be appropriated as appointed in the fifth article now following.

"Fifthly.  After the decease of my wife the trust fund for her, as it shall then consist, shall be applied by the trustees to the payment of the following legacies.  If the principal sum has not been set apart as a trust fund, the same shall be paid by my exec-

utors to the legatees named, and after the decease of my daughter, if she leave no issue surviving her, the trust fund for her, with its increase, as it shall then consist, or the principal sum if it has not been set apart, shall be applied by trustees or executors to the payment of these legacies. But if, by losses or depreciation of my property, it shall be found at my decease insufficient for the setting apart of both the trust funds in full, I direct that if my wife should first decease, so much of her trust fund shall be then transferred to the principal of the trust fund for my daughter as will make up that deficiency of her fund; and if my daughter shall first decease without surviving issue, so much of her trust.fund shall be then transferred to the principal of the fund for my wife as will make up the deficiency of her fund. The following legacies are to be paid only after full provision of income for my wife and daughter during their respective lives, and of the principal fund for issue of my daughter, as appointed in the third and fourth articles : If the principal of the trust fund shall be insufficient to pay these legacies in full, the payments to the legatees shall be in proportion to the sums named for them in this article, to wit," etc.

Then follow legacies amounting to five hundred and thirty thousand dollars to different institutions, and to the town of Salisbury. By the sixth and the following articles he disposes of " the residue of my estate, including the residue from the principal of the trust funds."

It is agreed among other things as follows :

" The wife of the testator survived him, and died on the 27th day of November, 1895. At the time of the decease of the testator, his property was sufficient to set apart the trust funds for the benefit of his wife and daughter in full, and there was also a considerable residue of the estate which was duly paid over to the widow of the testator as his residuary legatee. In accordance with the provisions of the third clause of the will, the executors set apart the trust fund given for the benefit of the wife, Esther A. Hilton, to wit, $300,000, in certain securities and cash then held by them as executors of the will of William Hilton ; and on February 23, 1888, the executors transferred and paid over to the plaintiffs, trustees under the will of the fund in trust for the benefit of the widow, Esther A. Hilton, the amount so

set apart.  The executors also, in accordance with the provisions of the fourth clause of the will, set apart the trust fund given for the benefit of the daughter, Catherine Hilton Fiske, to wit, $300,000, in certain securities and cash then held by them as executors of the will of William Hilton ; and on February 23, 1888, the executors transferred and paid over to the plaintiffs, trustees under the will of the fund in trust for the benefit of the daughter, Catherine Hilton Fiske, the amount so set apart.  Each of said funds, when so set apart and paid over, was of the full value of $300,000.  On the 17th of April, 1888, the executors rendered their first account as executors of said will in the Probate Court, Suffolk.  In this account they asked to be allowed for the sum of $300,000, set apart as the fund in trust for Esther A. Hilton, the widow, and paid over by them to the plaintiffs, as trustees under said will of the fund in trust for her benefit; and also to be allowed for the sum of $300,000 set apart as the fund in trust for Catherine Hilton Fiske, the daughter, and paid over by them to the plaintiffs, as trustees under said will of the fund in trust for her benefit.  This account was duly approved and allowed on the 7th day of May, 1888.  On the 19th day of March, 1888, the trustees, the plaintiffs in this case, filed their inventory as trustees of the fund in trust for the benefit of the widow, Esther A. Hilton, in which they charged themselves with the amount of $300,000 received from the executors of the will as and for this fund so in trust under said will for the benefit of the widow, Esther A. Hilton.  The list of securities and cash so set apart and paid over to said trustees appear to be the same items in the executors' account and in the trustees' inventory. On the 19th day of March, 1888, the trustees, the plaintiffs in this case, filed their inventory as trustees of the fund in trust for the benefit of the daughter, Catherine Hilton Fiske, in which they charged themselves with the amount of $300,000 received from the executors of the will as and for the fund in trust under said will for the benefit of the daughter, Catherine Hilton Fiske. The list of securities and cash so set apart and paid over to said trustees appear to be the same in the executors' account and in the trustees' inventory.  The plaintiffs were appointed trustees — in one case for the widow, and in the other case for the daughter — by separate letters of appointment."

The securities held in trust for the daughter, since they were set apart and transferred to the trustees, have depreciated, so that they are now worth less than $300,000.

Since the death of the wife of the testator the trustees have sold the dwelling-house on Commonwealth Avenue under the second article of the will, and hold the proceeds thereof, amounting to over $70,000, for the benefit of the daughter, according to the provision of this article.

The claim of the daughter is that the deficiency now existing in the $300,000 trust fund held for her benefit should be made up out of the principal of the trust fund of $300,000 which was held for the benefit of the wife during her life, before this principal should be distributed among the legatees named in the fifth article. We are of opinion that this claim is without foundation. The two sums of $300,000 each, were fully set apart, held and invested by the trustees as trust funds according to the third and fourth articles of the will, and the estate of the testator was sufficient at his decease "for the setting apart of both the trust funds in full." There was no deficiency in either trust fund when they were set apart. · A depreciation in the value of the trust securities after they had been set apart and the trust funds fully constituted is not within the language of the will, and the making up of any such deficiency in either fund out of the principal of the other is nowhere provided for in the will. By the fifth article, if the principal sum of the trust fund for the wife has not been set apart, then the same shall be paid after the decease of the wife by the executors to the legatees named in that article; but if the principal sum has been set apart, the trust fund, "as it shall then consist," shall be applied by the trustees to the payment of these legacies. There is a similar provision concerning the trust fund for the daughter, if she dies leaving no issue surviving her. It is only in the event that the trust funds are not set apart in full by reason of the insufficiency of the estate at the decease of the testator, that, on the death of the wife or of the daughter without issue surviving her, the deficiency in the trust fund of the survivor is to be made up from the principal of the other fund. The clause in this article which reads, "The following legacies are to be paid only after full provision of income for my wife and daughter during their respective

lives, and of the principal fund for issue of my daughter, as appointed in the third and fourth articles," means that the principal of these trust funds shall be fully set apart and constituted, or that if there is any deficiency in setting them apart and constituting them occasioned by the insufficiency of the estate of the testator at his decease, it shall be made up from one trust fund to the other before any of the following legacies are to be paid. The clause has no application to a depreciation in the value of the trust securities after the trust funds have been set apart in full. The daughter therefore has no right to have made up out of the trust fund which was held for the benefit of the wife during her life the deficiency below $300,000 in the value of the principal of the trust fund held for her benefit under the fourth article of the will, which was occasioned by the depreciation in the value of the securities of the trust fund after they had been transferred by the executors to the trustees.

*Decree accordingly.*